The opinion of the Court, delivered by
Hoksblower, C. J.
This is an indictment for selling “Ardent Spirits, by less measure than one quart, without license &.e” and it concludes, “ against the form of the statutes,” &c.
Two exceptions are taken to this indictment: First, that it *320 does not aver, that the Ardent Spirits sold, had not been compounded and intended to be used as a medicine: and Secondly, that it concludes, against the statutes: when in fact there is now, but one statute on this subject.
It is time the principal question in this case should receive a quieting answer from this court. ■ It has been frequently raised before the court of Oyer and Terminer, and the Quarter Sessions of the Peace of the several counties, and has received differen-t, and sometimes contradictory answers: and I'have lately perceived, that indictments have been drawn differently in different counties, according to the opinions, or the caution of the different prosecutors. I think the statute admits of a plain and easy construction, and the question propounded, susceptible of a simple and satisfactory answer.
By analyzing the statute and considering its different parts, we shall see its meaning and the intention of the legislature. To do that, I need not incumber this opinion with a copy of the act, but will proceed to state the substance of its enactments.
1. In the first place it forbids the sale of wine, gin, rum, brandy, whiskey, cider spirits and all other kind of Ardent Spirits, by a less quantity than one quart, without a license &c.
2. It prohibits the sale by a less quantity than one quart, of any “ composition ” of which wine, or any of the liquors above mentioned, shall form the chief ingredient, except such as shall be compounded and intended to be used as a medicine.
3. It prohibits the sale of any “ mixed liquors ” by a less quantity than five gallons.
Here there are three distinct offences- created by the statute. An indictment for the first offence, (in the order above stated,) must charge, that the defendant, without license first had and obtained for that purpose, sold, by a less quantity than one quart, to wit: so much wine, rum, gin, brandy, whiskey or cider spirits, naming the liquor according to the fact: or to avoid the danger of being defeated on the trial by failing to prove the kind of liquor named in the indictment, the prosecutor under the remedial provision of the sixth section of the act, Elm. Dig. 249, may charge the defendant with selling “Ardent Spirits ” by a less quantity &c. and without license. To support such an indictment, the prosecutor must prove, that the defendant sold the pre *321 cise kind of liquor named in the indictment; or if the indictment is for selling “Ardent Spirits,” he must prove on the trial, fhat he sold one of the simples named in the statute, viz: Wine, rum, gin, brandy, whiskey or eider spirits.
In an indictment for the second offence, the defendant must be charged with selling by a less quantity than one quart, “a composition,” not compounded and intended to be used as a medicine, of which wine, gin, rum, brandy, whiskey or cider spirits, formed the chief ingredient; specifying which of those simples prevailed in the composition, and such an indictment must be proved as laid, or the defendant cannot be convicted.
The third offence consists in selling “ mixed liquors ” by a less measure than Jive gallons; and whatever may be meant by the term “ mixed liquors,” the indictment must be for selling “mixed liquors” by the name, by which the particular mixture is generally known. An indictment in the words of the statute,, viz: for selling “ mixed liquor,” would not in my opinion, be sufficient. “ Liquor,” the dictionary informs us, means any thing liquid; but milk and water, or water and vinegar, or tea and coffee, are liquors, and may be mixed; and when mixed, are mixed liquors. The legislature did not mean to prohibit the sale of such mixtures by a less quantity than five gallons; they no doubt intended to forbid the sale, by unlicensed persons of a mixture of intoxicating drinks, in a less quantity than five gallons. In my opinion therefore, an indictment under this clause of the statute, must show what the mixture was composed of, and that it consisted of some one or more of the different kinds of Ardent Spirits or intoxicating liquors mentioned in the statute. And I am further of opinion that to support such an indictment, the prosecutor must prove the facts as laid.
In opposition to all this, it has been ingeniously and laboriously argued by the defendant’s counsel, that by force of the sixth section of the statute, in all indictments found under it, “ it shall be sufficient to describe the liquor sold, as Ardent Spirits, without specifying particularly, the kind or description thereofAnd hence he argues, that in all indictments, the prosecutor should state, that the liquor or the ardent spirits sold, had not been compounded or intended to be used as a medicine. No doubt, if his main proposition is right, he is right also in his conclusion. For *322 if a man may be indicted for selling a composition by the name of Ardent Spirits, the indictment ought to aver, that it had not been compounded and intended for a medicine; since the statute excepts from its prohibition, the sale of any composition, prepared and intended to be used as a medicine. It is a well settled rule, and the cases cited by defendant’s counsel fully establish it, that an exception, in the description of an offence, created by statute, is different from a proviso, which exempts from the penalty under certain circumstances. In the former ease, the absence of that matter, or the non-existence of those facts, the absence or non-existence of which, is necessary by the statute, to constitute the offence, must be averred in the indictment; or rather, their existence must be negatived. But the latter being mere matter of excuse or defence, need not be negatived in the indictment, but must be proved by the defendant if he would nave the benefit of it. It is upon this principle, that indictments under this statute have always, so far as I know, contained the clause “ not having first obtained a license.” ' If on the contrary, after prohibiting the sale of Ardent Spirits by the small measure, the statute had annexed a proviso, that a person having a license; or under the age of twenty-one years, should not be liable to conviction and punishment, a license or minority, would be matter of defence to be shown by the defendant. The following among others are cases showing and illustrating this distinction, viz: Spieres v. Parker, 1 T. R. 141; Palmer’s case, Leach C. C. 120; Rex v. Jukes et al. 8 T. R. 542; 1 Saund. 262 in note; Gill v. Scrivens, 7 T. R. 27; 1 Str. 66, Rex v. Sparling; Id. 497, Rex v. Ford; Id. 555, Rex v. Pratten; 6 T. R. 559, Rex v. James, 1 Burr. R. 153; 1 T. R. 145, Rex v. Stone; 1 Fast, 646 in note; Rex v. Brian, 2 Str. 1101; 1 Chitt. Crim. Law 283; 1 Burr. 153; 15 East, 456; Rex v. Hill, 2 Ld. Raym. 1415; Id. 1386; 1 T. R. 127; 4 Id. 472; 2 Burr. 681.
But it is a mistake to suppose, that all indictments under the statute, must, or may be, for selling Ardent Spirits. There is no rule of construction better settled, than that general words, may be restrained to meet the particular intent of the legislature. Now what was that intent? We all know the history of legislation upon this subject. Under the original statute, it was necessary to specify in the indictment, when a man was indicted for *323 selling wine, or any kind of ardent spirits, whether it was wine, rum, gin, brandy, whiskey or ciders pirits. The consequence was, that prosecution often failed, by reason of the bad memory or worse morals of the witnesses, who could not tell the difference between gin and brandy; or could not remember, which it was, they had bought and drank. And no doubt too, mistakes were often made in charging the liquor sold to be one kind, when in fact it was another. This difficulty never arose on indictments found for selling compositions or mixtures ; but only on indictments for selling some of the specified liquors. It was then to remedy this difficulty upon indictments under the first clause of the statute, that the sixth section was introduced into the present act. We must then understand that section as meaning no more than that, in all indictments, for selling wine or any of the simple liquors mentioned in the statute, it shall he sufficient to describe the liquor sold, as Ardent Spirits. But again, the application of this section to the second and third clauses of the statute, would lead to absurdity, and this is another reason for restraining the word “all” in the manner suggested. Suppose, for instance, we substitute the word “Ardent Spirits” for the word “ Composition,” in the second clause of the statute; how will the indictment read? For selling Ardent Spirits of which rum, or gin, or brandy • or of which Ardent Spirits, was the chief ingredient.
But it is said, the indictment should be for selling a composition, of which “Ardent Spirits” formed the chief ingredient. That however, would not be a compliance with the statute. The statute authorizes us to call “the liquor sold” Ardent Spirits; not the chief ingredient of the liquor sold. But the impropriety of extending the application of the sixth section to all indictments under this statute, is more palpable, when considered in reference to the third offence created hv the act; that prohibits the selling of mixed liquors, by a less quantity than five gallons, without a license. The indictment then, would charge the defendant with selling Ardent Spirits, by a less measure than five gallons. And yet we have no law forbidding the sale of Ardent Spirits by the quart, the half gallon, the gallon or by any quantity, not less than a quart. The indictment then, would charge the defendant with no offence.
*324 In my opinion therefore, the word “all” in the sixth section must be restricted to all indictments found under the act for selling any of the simple, unmixed liquors named in the act: that indictments upon the second clause of the act, must be for selling a composition, not compounded or intended to be used as a medicine, the chief ingredient of which, is Ardent Spirits, or one of the simple liquors mentioned in the act naming it. And that indictments upon the third clause of the act must be for selling a mixed liquor, commonly called so, whatever its appropriate name may be.
As to the conclusion of the indictment, against “ the statutes,” I think there is nothing in the objection. In Rex v. Johnson, 3 M. and S. 553, cited in 10 Petersd. Abr. 485, in margin, the. court said, the conclusion of an indictment forms so material a part of it, that for any defect in it, the indictment is ill. And yet in Rex v. Matthews, 5 T. R. 152; and in Rex v. Bathurst, Sayr. R. 225, it was held that if the indictment was good at the common law, the contra formam statuti, might be rejected. And see The State v. Berry, 4 Halst. R. 374. So it has been held, that an indictment concluding against “ the statute ” when in fact it was against two statutes, was good; and I do not see why a conclusion against the statutes, when there is only one statute, should not be equally good. And I understand it has been so decided by Mr. Justice Story, in United States v. Gilbert et al. 3 Sumn. Cir. C. R. 88; 2 Peters’ Dig. 447, sec. 51.
Both objections must be overruled, and judgment given for the State.

Motion to quash denied. Judgment for the State,

Cited in State v. Dayton, 3 Zab. 61.